UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WILL,

      Plaintiff,                                    Case No.

v.                                                      Hon.

URBAN SCIENCE APPLICATIONS, INC,

      Defendant.
_____

Joseph X. Michaels (P79084)
Adam M. Taub (P78334)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
jmichaels@nachtlaw.com
ataub@nachtlaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Will by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

## Introduction

1. Plaintiff Robert Will ("Mr. Will") brings this action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a) *et seq.,* and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL §

37.1101, *et seq.*, to remedy employment discrimination and retaliation perpetrated against him by Defendant Urban Science Applications, Inc.

## Parties, Jurisdiction, and Venue

2. Plaintiff Robert Will is an individual residing in Oakland County, Michigan.

3. Defendant Urban Science Applications, Inc. is a Michigan corporation wih its principal place of business in Detroit, Michigan.

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 as Plaintiff's claims involve violations of federal law.

5. Jurisdiction over supplemental state law claims is proper under 28 U.S.C. § 1367, as they arise from the same case and controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391 as this is the judicial district in which the unlawful employment practices occurred, the relevant employment records are kept, and where Defendant conducts business.

## Statement of Facts

7. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

8. Defendant hired Plaintiff as a Developer on March 20, 2017.

9. At all relevant times, Plaintiff met or exceeded all objective qualifications for his position.

10. Plaintiff holds a B.S.E. in Computer Science and Engineering from the University of Michigan Ann Arbor, and has over 15 years of programming experience for a wide range of applications.

11. Throughout the duration of his employment, Plaintiff performed the essential functions of his job diligently, professionally, and competently.

12. In fact, for the first two years of employment, Plaintiff performed satisfactorily without issue. During that time, Plaintiff received no write-up, counseling, discipline, or negative performance review of any kind.

13. At all relevant times, Plaintiff worked more than 1,250 hours per twelve-month period.

14. At all relevant times, Defendant employed greater than 50 employees within a 75-mile radius of Plaintiff's work location in downtown Detroit.

15. In December 2018 or January 2019, Plaintiff began experiencing significant issues sleeping.

16. Plaintiff was diagnosed with severe sleep insomnia and prescribed sleeping medication.

17. Plaintiff's insomnia is a disability that significantly interferes with the major life activity of sleeping, among others.

18. After using several ordinary sick days due to his sleeping issues, on or about February 26, 2019, Plaintiff notified Defendant's HR department of his need for FMLA leave and began filling out all necessary paperwork.

19. On March 6, 2019, Plaintiff met with his physician to complete the FMLA paperwork.

20. On March 9, 2019, Plaintiff submitted his paperwork to Defendant's HR department.

21. Shortly thereafter, Defendant approved Plaintiff's FMLA leave.

22. Mere weeks later, on April 3, 2019, Urban Science placed Plaintiff on a formal Performance Improvement Plan or "PIP" alleging "performance issues" related to Plaintiff's work.

23. The real reason for this PIP was Plaintiff's use of FMLA leave.

24. Plaintiff's so-called "PIP" contained a number of areas for improvement, including inter alia "Verbal Communication & Presentation," "Written Communication," and "Professional, Industry & Technical Expertise." All of the putative "examples" of poor performance, however, occurred months before the PIP, but were only raised with Plaintiff after he used his FMLA rights.

25. Plaintiff continued on this PIP until June, when Urban Science placed a "pause" on the PIP.

26. For the next few months, Plaintiff continued to successfully work at Urban Sciences without issue.

27. In late September, Urban Sciences reinstated Plaintiff's PIP.

28. Even though it had been almost six months since the initial PIP was instituted, Urban Sciences did not identify a single new incident or any area from the original PIP in which Mr. Will was not successful.

29. In fact, the second PIP is almost a verbatim repeat of the original PIP.

30. A few weeks later, on October 25, 2019, Urban Science terminated Plaintiff's employment.

31. This occurred due to Plaintiff's disability and use of FMLA leave.

32. Any other stated reason for termination is merely pretextual.

## COUNT I
## FMLA RETALIATION
## 29 U.S.C. § 2615(a)(2)

33. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

34. Plaintiff was an eligible employee under the FMLA, in that he had a serious health condition, he worked more than 1,250 hours in a twelve-month period and was otherwise entitled to take FMLA leave.

35. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(a), as an entity or person engaged in commerce who employs 50 or more

employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

36. Plaintiff is entitled to leave as Defendant employs greater than 50 individuals within a 75-mile radius of Plaintiff's job location.

37. Plaintiff's insomnia constitutes a chronic illness and thus a "serious health condition" under the FMLA. CFR § 825.114(a)(2)(iii)

38. Plaintiff availed himself of his right to FMLA leave because of his serious health condition by properly notifying Defendant of his need for medical leave and by taking medical leave.

39. Defendant was aware that Plaintiff had utilized FMLA leave.

40. Defendant willfully retaliated against Plaintiff by terminating him because he exercised his right to medical leave under the FMLA.

41. Terminating Plaintiff for taking protected medical leave was retaliatory and a violation of the FMLA. 29 U.S.C. § 2615(a)(2).

42. Defendant's conduct was willful, wanton, malicious, and/or reckless disregard for Plaintiff's rights, entitling Plaintiff to liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(i).

43. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits;

mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## COUNT II
## FMLA INTERFERENCE
## 29 U.S.C. § 2615(A)(1)

44. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

45. As stated in Count I, Plaintiff was qualified for leave under the FMLA.

46. At all relevant times, Defendant was aware that Plaintiff had utilized FMLA leave.

47. Defendant willfully interfered with Plaintiff's federally protected FMLA rights to leave and to reinstatement by terminating Plaintiff prior to the exhaustion of his leave bank, by placing him on a PIP, and ultimately terminating Plaintiff.

48. Defendant's actions would have deterred any reasonable employee from exercising his or her FMLA rights.

49. Defendant's conduct was willful, wanton, malicious, and/or reckless disregard for Plaintiff's rights, entitling Plaintiff to liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(i).

50. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and

earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation. and emotional distress; humiliation and embarrassment; loss of professional reputation.

## COUNT III
## DISABILITY DISCRIMINATION
## MCL 37.1202

51. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

52. At all times relevant during his employment, Plaintiff was qualified for his job with Defendant.

53. Plaintiff's insomnia is a disability that substantially interferes with the major life activity of sleeping, among others.

54. Defendant was aware of Plaintiff's disability.

55. Plaintiff's disability was a motivating factor in Defendant's decision to terminate Plaintiff.

56. But for Plaintiff's disability, Defendant would not have terminated Plaintiff.

57. Defendant violated MCL § 32.1202(b) when it discharged Plaintiff based on his disability.

58. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Robert Will prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the FMLA and PWDCRA;

b. Award Plaintiff all lost wages, past and future, to which he is entitled;

c. Award Plaintiff compensatory damages, including for emotional distress caused by Defendant;

d. Award Plaintiff punitive and exemplary damages;

e. Award Plaintiff liquidated damages under FMLA;

f. Award Plaintiff reasonable attorney's fees, costs, and interest;

g. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and all relief requested in this complaint.

Respectfully submitted,
NACHTLAW, PC

/s/ Joseph X. Michaels

9

Dated: April 22, 2020

Joseph X. Michaels (P79084)
Attorneys for Plaintiff
101 N. Main St., Ste. 555 Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WILL,

      Plaintiff,                                           Case No.

v.                                                              Hon.

URBAN SCIENCE APPLICATIONS, INC,

      Defendant.
_____

  Joseph X. Michaels (P79084)
  Adam M. Taub (P78334)
  NACHTLAW, P.C.
  Attorneys for Plaintiff
  101 N. Main St., Suite 555
  Ann Arbor, Michigan 48104
  (734) 663-7550
  jmichaels@nachtlaw.com
  ataub@nachtlaw.com
_____

## **DEMAND FOR TRIAL BY JURY**

      Plaintiff, by and through his counsel, hereby demands a trial by jury as to all those issues so triable as of right.

                                                 Respectfully submitted,

                                                 NACHTLAW, PC

                                                 /s/ Joseph X. Michaels
                                                 Joseph X. Michaels (P79084)
                                                 Attorney for Plaintiff
                                                 101 N. Main St., Ste. 555

                                                Ann Arbor, MI 48104
                                                (734) 663-7550
                                                jmichaels@nachtlaw.com

Dated: April 22, 2020